IRÉNÉE DUPONT, JR. and CRAWFORD H. GREENEWALT, Two of Three Executors of the Estate of Irénée duPont,
Petitioners,

*vs.*

ERNEST N. MAY, An Executor of the Estate of Irénée duPont,
Respondent.

*New Castle, June 11, 1965.*

*On motion for Reargument June 17, 1965.*

*S. Samuel Arsht* and *David A. Drexler,* of Morris, Nichols, Arsht & Tunnell, Wilmington, for petitioners.

*H. Albert Young, Bruce M. Stargatt* and *Ben T. Castle,* of Young; Conaway, Stargatt & Taylor, Wilmington, for respondent.

SEITZ, Chancellor: Petitioners (hereinafter called "plaintiffs"), two of the three executors of the estate of Irénée duPont, filed this petition seeking a declaration that delivery of the assets by them to the residuary trustees would constitute a valid and effective delivery of such assets, or, alternatively, if the third executor must join in the delivery to make it effective, that a permanent mandatory injunction be issued compelling him to join in the delivery.

The respondent (hereinafter called "defendant") has filed an answer which in essence denies that plaintiffs can make effective delivery unless defendant joins in their action. Defendant has also filed a counter-petition seeking a determination as to whether unanimity of action "is required in the performance of their non-ministerial duties."[1] Thereafter plaintiffs filed a motion for judgment on the pleadings and defendant filed a motion to dismiss their petition. Although the parties fuss as to whether the petition and counter-petition raise the same issue, I am satisfied that the issue I am called upon to decide is whether under the present circumstances there can be an effective delivery absent unanimous action. This is the decision on both motions.

The testator died December 19, 1963. The three executors qualified on December 23, 1963. The executors have collected all the assets and the petition alleges that they have paid all the debts and administration expenses except for some comparatively minor

---

1. Plaintiffs have not yet filed an answer to such counter-petition. However, I do not believe this prevents disposition of the pending motions.

amounts and have filed all tax returns required to be filed and paid all taxes reflected upon those returns. The defendant puts the payment allegation in issue. The charitable bequests contained in the will and codicils have been delivered to the respective beneficiaries, although it does not appear whether the defendant joined in those acts. All of the assets except certain of the income-producing securities have been reduced to cash. The cash and securities now held have a value in excess of $40,000,000.

The first account is due to be filed on or before June 23, 1965; the executors having obtained a six months' extension beyond the one year from the grant of letters as authorized by 12 *Del.C.* § 2301.

Under the terms of the will, after the payment of debts, administration expenses, taxes and specific charitable bequests, all of the testator's assets are to be conveyed to the plaintiffs and defendant as co-trustees under eight separate trusts. The will specifically provides that the acts and decisions of a majority of the trustees shall be binding on all. There is one trust for each of the testator's eight surviving children. The income of each trust is to be paid to that child for his lifetime. Upon the death of the income beneficiary the trust fund is to be distributed to the income beneficiary's living issue per stirpes, but subject to a further trust if the living issue be under 21 years.

More than one year after the testator's death a majority of trustees demanded that the executors turn over the residuary estate to them, recognizing however that they might want to retain an amount for small unpaid expenses. There is no question of their power to make such demand on behalf of the trust. The two trustees offered at the same time to execute an instrument which is entitled a receipt, release and assumption agreement.

I turn now to the issue posed. I assume that plaintiffs are asking for a declaration that they have the power to make an effective delivery either under the so-called general rule of law governing acts of administration by co-executors or under the special statute dealing with demands by legatees for payment of their legacies. I pass over the issue as to the applicability of the general rule and address myself

to the issue as to whether plaintiffs have the right, over defendant's objection, to make delivery of all or part of the residuary estate pursuant to 12 *Del.C.* § 2312.

Paragraph (a) of that Section provides, *inter alia,* "Any other legacy, [than a specific one] if no time is appointed, shall be payable in one year from the testator's death." Paragraph (b) then provides:

> "Payment or delivery of any legacy may be refused if it is apparent that there are not assets for the purpose; and an executor, or administrator, if he knows of any outstanding demand, shall not be obliged to pay or deliver a legacy or distributive share unless the person entitled shall, with sufficient security, become bound to the executor or administrator by a joint and several obligation, in a penalty double the value of the legacy or share, with condition to be void if the person receiving the legacy or share, or his executors or administrators, in case of a deficiency of assets of the decedent for the payment of all the just demands and charges against his estate and all legacies by him duly given, without such share or legacy or part thereof, shall refund and pay to the executor or administrator, or his executors, administrators, or assigns, the sum or value of the legacy or distributive share, with interest, or such portion thereof as justly and lawfully ought to be contributed on occasion of such deficiency."

I think the only reasonable inference that can be drawn from the pleadings is that there are assets which will be distributable to the residuary trusts. Thus, there is no reasonable basis for the executors to rely upon the no-assets statutory ground as a basis for refusing the demand. Indeed, I do not think the defendant suggests that they should. The statute goes on to permit an executor to refuse to make distribution if he knows of any outstanding demand unless the beneficiary becomes bound with sufficient security to the executor. In view of the state of the pleadings, I shall infer that the executors know of an outstanding demand. In this situation, a year having passed since the testator's death, I construe the statute to require delivery of the legacy once the legatee has made demand (as here)

and become bound with sufficient security. The only area of discretion involves a determination by the executors as to the sufficiency of the security tendered.

The next question is whether the security tendered must be approved by all executors. I conclude that a majority of the executors at least, are entitled to make a judgment concerning this matter. While some discretion is involved, I do not believe it rises to a level analogous to trust activity, which generally calls for unanimous action. Compare and contrast *Snellers v. Joseph Bancroft & Sons,* 25 *Del.Ch.* 268, 17 *A.2d* 831. I say this because it is administrative and one may reasonably infer that all executors are equally concerned to see that they are adequately protected when the statute is invoked by a legatee.

Finally, I consider whether all executors must act to make effective delivery once the legatee has made demand and agreed to be bound with sufficient security. Here, I think there can be no doubt. I say this because the statute is then mandatory and there is no reason to require unanimous action.

I therefore conclude that a majority of executors at least have the power to comply with this particular statutory duty.

While the co-trustees have tendered the executors an instrument which they describe, *inter alia,* as an assumption agreement, it is clearly not the form of obligation required by the terms of the statute and thus cannot now justify delivery under the statute. However, I am satisfied that if the co-trustees bind the trust and tender appropriate security,[2] a majority of the executors at least will be under a legal duty to deliver the assets which they reasonably believe to constitute the subject matter of the legacy. Assuming that this procedure is followed, I am, of course, expressing no opinion as to whether such actions of the executors might subject them to liability to the defendant or other parties. I merely hold that they have the power to comply with the statute.

2. Of course the execution and delivery of the assumption agreement would be relevant to the executors' evaluation of the sufficiency of the security tendered.

The court assumes that plaintiffs will comply with the statute as construed. If plaintiffs are unable or unwilling to do so, and desire a decision on the issue posed apart from statute, the court should be so advised.

Defendant's motion to dismiss will be denied. Based on equity's jurisdiction to give instructions to fiduciaries, plaintiffs' motion for judgment on the pleadings will be granted to the extent that a declaratory judgment will be entered that a majority of the executors at least have the power to make effective delivery under the statute when its requirements are met. Delivery under 12 *Del.C.* § 2312 does not abrogate the duties of the executors with respect to the administration of the estate in accordance with law. It follows that none of those requirements are violated by proceeding under that Section.

Under the circumstances, I need not consider whether a mandatory injunction should issue against defendant.

Present order on notice.

## On Motion for Reargument

Defendant has filed a motion for reargument. Plaintiffs submitted a letter which amounts to a request for further instructions. This is the decision on both matters. I consider defendant's motion first.

The initial ground is that the court misunderstood the breadth of the relief requested in defendant's counter-petition when it equated it with the relief sought by plaintiffs. The court realized that defendant's prayer was "broader" than plaintiffs', but felt, as the opinion notes, that it was only called upon to decide the controversy which precipitated the plaintiffs' request, viz., whether less than all the executors could make an effective delivery of the legacy. The court did not think it appropriate to rule on the question posed in the counter-petition because to render an opinion thereon which would be meaningful would have required the court to define ministerial and non-ministerial duties of executors in the abstract.

◼ The next ground of defendant's motion is that the court failed to consider his contention that it would be contrary to 30 *Del.C.* § 1344 to permit delivery of the assets without reserving an amount sufficient to cover contingent tax liabilities. Paragraph (a) of § 1344 provides:

> "(a) Any administrator, executor or trustee having in charge or trust any legacies or property for distribution subject to the tax imposed by this chapter, shall deduct the tax therefrom, or if the legacy or property is not money he shall collect a tax thereon upon the appraised value thereof from the legatee or person entitled to such property, and he shall not deliver or be compelled to deliver any specific legacy or property subject to tax to any person until he has collected the tax thereon."

First off, the will provides that the executors are to pay all taxes from the estate and may not collect any thereof from any beneficiary. Thus, we are not here concerned with any tax on property which the executors must collect from the residuary trustees before making delivery. Consequently that aspect of the statute does not preclude delivery. But defendant says that the statute requires the executors to hold back sufficient assets to cover an alleged contingent tax claim. Certainly, as a general matter, an executor may withhold an amount sufficient to cover such a possibility. However, I believe that an executor must make delivery to a legatee who complies with the requirements of 12 *Del.C.* § 2312. This construction affords protection to the executor and at the same time prevents undue delay in making delivery to beneficiaries.

I therefore conclude that if the trust here involved complies with the provisions of 12 *Del.C.* § 2312, the executors may not withhold assets to cover an alleged contingent tax claim on the theory that 30 *Del.C.* § 1344 requires such action.

Finally, defendant attacks the soundness of the court's reasoning in support of its conclusion that a majority of executors at least may approve the sufficiency of the security required under 12 *Del.C.* § 2312. He says that the court bottomed its conclusion on the

inference that an "executor who approves the security will show good judgment because it is in his interest to do so". This, he says, does not touch the primary point because all executors are presumably interested in doing the right thing and seeing that all executors are protected.

Admittedly, the area of concern involves an exercise of discretion but assuredly there must be many situations in the settling of estates where a discretionary act can be performed by less than all the executors. A judgment must be made as to whether this particular discretionary act, because of its nature and significance, requires the same unity as is required of co-trustees. One notes a distinction immediately in that the unity of trustee action is presumably for the benefit of the trust. In contrast, if unity is required here, it is to protect an executor against the possibility that his co-executors have not required sufficient security. On balance, I believe the reasoning that a majority will presumably act to inquire sufficient security to protect themselves and consequently all executors, justifies the construction placed upon the statute.

I therefore conclude that defendant's motion for reargument should be denied.

After the court filed its opinion the plaintiffs advised the court in writing that they felt that they could not rely upon compliance with 12 *Del.C.* § 2312(b) because of ambiguities and uncertainties concerning the meaning and operation of the statute itself. The plaintiffs went on to delineate their specific concerns. The defendant suggests that their communication should be treated as a motion for reargument and denied.

I conclude that plaintiffs' communication should not be treated as a motion for reargument. Rather, I believe plaintiffs seek further instructions to determine what is required of them in order to comply with the statute. Thus, I assume that they intend to comply with the statute as construed, if they reasonably can.

The problems concerning compliance with the statute were not raised in the pleadings or argument and I therefore cannot consider them on the present state of the pleadings. If they are raised in a proper pleading I will rule on them when and if they are ripe for decision.

An appropriate order may be presented on notice.